IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00204-BNB

DR. ROY J. MAIN,

    Applicant,

v.

WARDEN PAMELA PLUGHE,
CASE MANAGER HANEY, and
ATTORNEY GENERAL'S OFFICE,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an amended pleading if he wishes to pursue his habeas corpus claims in this action.

The court has reviewed the application and finds it is deficient because Applicant is asserting a number of claims that are not habeas corpus claims. In fact, it appears that only the first claim in the application, in which Applicant alleges he was not recommended for release to community corrections in October 2011, appears to raise

an issue that may be cognizable in a habeas corpus action.  Applicant's remaining three claims challenge restrictions on the reading material he is allowed to receive and his eligibility for a transfer to a lower security prison.  These conditions of confinement claims are not appropriate in a habeas corpus action because "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  An individual in state custody who seeks to challenge the conditions of his or her confinement generally must seek relief in a civil rights action pursuant to 42 U.S.C. § 1983.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Applicant may not avoid the filing fee requirements applicable to a civil rights action under § 1983 by raising conditions of confinement claims in a habeas corpus action.  Therefore, Applicant will be directed to file an amended application that raises only habeas corpus claims.  If Applicant wishes to pursue any claims challenging the conditions of his confinement, he must raise those claims in a separate action. Applicant also is advised that he must identify clearly the specific constitutional claims he is raising in this habeas corpus action and he must allege specific facts in support of those claims.  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Applicant file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that if Applicant fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 21, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge